UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

DENISE PAYNE, individually,

    Plaintiff,

v.

Case No.: _____

PALM AVENUE HIALEAH TRUST, a Delaware statutory trust, for and on behalf of and solely with respect to Series 2015-2; and, MR. ANTHONY G. CHRISTIAN, individually, d/b/a ONE LOVE RESTAURANT,

    Defendants.
_____/

## **COMPLAINT**
(*injunctive relief demanded*)

Plaintiff, DENISE PAYNE, individually (sometimes referred to as **"Plaintiff"**), on her behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendants, PALM AVENUE HIALEAH TRUST, a Delaware statutory trust, for and on behalf of and solely with respect to Series 2015-2 (**"Trust"**); and, MR. ANTHONY G. CHRISTIAN, individually, d/b/a ONE LOVE RESTAURANT (**"One Love Restaurant"**) (sometimes collectively referred to as **"Defendants"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

    1.    Plaintiff, DENISE PAYNE, is an individual residing in Pompano Beach, Florida, in the County of Broward.

    2.    Defendant TRUST owns and operates the shopping center generally known as GP PLAZA, and generally located at 1236-1256 Palm Beach Lakes Blvd., West Palm Beach, FL

33401; and, Defendant MR. ANTHONY G. CHRISTIAN owns and operates the restaurant known as ONE LOVE RESTAURANT, located at 1236 Palm Beach Lakes Blvd., West Palm Beach, FL 33401, all located in the County of Palm Beach (together, GP PLAZA and ONE LOVE RESTAURANT are referred to as the **"Property"**). On Plaintiff's information and belief, Trust took title to the Property from the prior owner, ARCPE 2, LLC, who took title from a prior owner, GP Plaza, LLC, in September of 2015.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendants' Property is located in and Defendants do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, DENISE PAYNE, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Ms. Payne has cerebral palsy and uses a wheelchair to ambulate. Ms. Payne has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Ms. Payne has visited the Property to avail herself of the retail and dining options offered to the public at the Property, and intends to do so again in the near future if the Property is made accessible. Ms. Payne lives in Palm Beach County, and regularly visits retail and dining establishments located in Palm Beach County. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered her safety. In addition, Plaintiff has standing as a tester of ADA compliance.

*Payne v. Palm Avenue Hialeah Trust, et al.*
Case No.: _____

6. Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendants respectively own, operate, lease or lease to are the retail and dining establishments known as GP PLAZA, and ONE LOVE RESTAURANT.

7. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' noncompliance with the ADA with respect to the Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to visit the Property, not only to avail herself of the shopping and dining options available at the Property, but to assure herself that the Property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property (including the land and fixtures/building), as prohibited by 42 U.S.C. § 12182 *et seq.*

9. Defendants have discriminated, and are continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Ms. Payne has personally encountered include, but are not limited to:

### **Parking**

a) There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG, whose resolution is readily achievable.

### **Entrance Access and Path of Travel**

a) The plaintiff had difficulty entering some of the tenant spaces as the door thresholds were too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG, whose resolution is readily achievable.

b) The plaintiff could not enter some of the entrances without assistance as the required level landing is not provided. Violation: A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG, whose resolution is readily available.

c) The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

d) The plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG, whose resolution is readily achievable.

### **Public Restrooms**

a) The plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

b) The plaintiff could not use the lavatory as the required knee clearance was not provided. Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG, whose resolution is readily achievable.

c) The plaintiff could not flush the toilet without assistance as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

    d) The plaintiff had difficulty using the toilet as it was mounted too low. Violation: The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG, whose resolution is readily achievable.

    e) The plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide hardware that complies with the ADAAG, whose resolution is readily achievable.

    f) The plaintiff had difficulty using the rear grab bar as it was not provided. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

    g) The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

    h) There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG, whose resolution is readily achievable.

10.     The discriminatory violations described in paragraph 9 are not an exclusive list of Defendants' ADA violations. Plaintiff requires the inspection of Defendants' Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff (and all other individuals similarly situated) has been denied access to, and has been denied the benefits of services, programs and activities of Defendants' Property, and has otherwise been discriminated against and damaged by Defendants because of Defendants' ADA violations, as set forth above. Plaintiff (and all others similarly situated) will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendants' Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

11.     Defendants have discriminated against Plaintiff (and all others similarly situated), by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property in violation of 42 U.S.C. § 12181 *et seq.* and

*Payne v. Palm Avenue Hialeah Trust, et al.*
Case No.: _____

28 CFR 36.302 *et seq.* Furthermore, Defendants continue to discriminate against Plaintiff (and all others similarly situated), by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its Property, that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' Property since January 26, 1992, then Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the Property are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and, finally, if Defendants' Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendants' Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendants is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff has satisfied all other conditions

*Payne v. Palm Avenue Hialeah Trust, et al.*
Case No.: _____

precedent to the filing of this action, or such conditions precedent have been waived by Defendants.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendants to alter the Property and to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment determining that Defendants at the commencement of the subject lawsuit are in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against Defendants including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

**ESPINOSA LAW GROUP**
TRIAL LAWYERS

*Payne v. Palm Avenue Hialeah Trust, et al.*
Case No.: _____

d.  Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this 13th day of March, 2016.

*Respectfully submitted,*

**ESPINOSA LAW GROUP**
10625 N. Kendall Dr.
Miami, FL 33176-1510
Tel.: 305-655-1501
E-mail: despinosa@espinosalawgroup.com

By: */s/ Daniel Alberto Espinosa*
      Daniel Alberto Espinosa, Esq.
      Florida Bar No. 81686

*Counsel For The Disabled*